Steven A. Nielsen
CSB 1338464
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice Motion to be filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

**Attorneys for Plaintiff
Optima Direct, LLC**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **Optima Direct, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Anker Technology Corporation,**<br><br>    Defendant. | Case No. _____<br><br>**Patent Case**<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Optima Direct, LLC ("Optima"), through its attorneys, complains of Anker Technology Corporation ("Anker"), and alleges the following:

### PARTIES

1.  Plaintiff Optima Direct, LLC is a corporation organized and existing under the laws of Wyoming that maintains its principal place of business at 30 N. Gould St. STE R, Sheridan, WY 82801.

2. Defendant Anker Technology Corporation is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 3291 Keller St., Santa Clara, CA 95054.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Optima has suffered harm in this district.

## PATENT-IN-SUIT

7. Optima is the assignee of all right, title and interest in United States Patent No. 8,115,609 (the "'609 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Optima possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '609 Patent

8. The '609 Patent is entitled "Multi function bluetooth apparatus," and issued 2/14/2012. The application leading to the '609 Patent was filed on 7/22/2008. A true and correct copy of the '609 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '609 Patent is valid and enforceable.

**COUNT 1: INFRINGEMENT OF THE '609 PATENT**

10. Optima incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '609 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Anker's Roav SmartCharge Car Kit F2 (the "Exemplary Anker Products") that infringe at least exemplary claims 4 of the '609 Patent (the "Exemplary '609 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '609 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

13. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '609 Patent. On information and belief, Defendant has also continued to sell the Exemplary Anker Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '609 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '609 Patent.

14. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '609 Patent, literally or by the doctrine of equivalence, by selling Exemplary Anker Products to their customers for use in end-user products in a manner that infringes one or more claims of the '609 Patent.

15. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '609 Patent,

literally or by the doctrine of equivalence, by selling Exemplary Anker Products to their customers for use in end-user products in a manner that infringes one or more claims of the '609 Patent.

16.  Exhibit 2 includes charts comparing the Exemplary '609 Patent Claims to the Exemplary Anker Products.  As set forth in these charts, the Exemplary Anker Products practice the technology claimed by the '609 Patent.  Accordingly, the Exemplary Anker Products incorporated in these charts satisfy all elements of the Exemplary '609 Patent Claims.

17.  Optima therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

18.  Optima is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

19.  Under Rule 38(b) of the Federal Rules of Civil Procedure, Optima respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Optima respectfully requests the following relief:

A.  A judgment that the '609 Patent is valid and enforceable;

B.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '609 Patent;

C.  An accounting of all damages not presented at trial;

D.  A judgment that awards Optima all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and,

if necessary, to adequately compensate Optima for Defendant's infringement, an accounting:

    i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Optima be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii. that Optima be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii. that Optima be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 15, 2019                  Respectfully submitted,

/s/ Steven A. Nielsen
Steven A. Nielsen
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice Motion to be filed*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Optima Direct, LLC**